145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MAERSK STEVEDORING COMPANY, Signal Mutual Insurance Company,
Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Gilbert
Myers, Respondent.
 Nos. 96-70999, 96-71000, 96-71001.
B.R.B. Nos. 95-1931, 95-1963, 95-1602.
 United States Court of Appeals, Ninth Circuit.
 Decided May 6, 1998.
Argued and Submitted April 9, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before HUG, Chief Judge, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maersk Stevedoring Company petitions for review of an automatic affirmance by the Benefits Review Board ("Board"), pursuant to Public Law No. 104-134, 110 Stat. 1321-211, 1321-219 (1996), of the decision of the Administrative Law Judge ("ALJ") awarding disability benefits under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901-950, to Gilbert Myers. We deny the petition.
 
 
 3
 In cases where the ALJ's decision was pending for more than one year before the Board, it is considered affirmed and treated as the final order of the Board pursuant to Public Law No. 104-134. We therefore review the ALJ's decision for errors of law or failure to adhere to the substantial evidence standard. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997).
 
 
 4
 The sole basis for Maersk's challenge is that the ALJ erred in its calculation of Myers's "average weekly wage" and thereby erred in its calculation of his total award. We disagree. Substantial evidence supports the ALJ's finding that Myers's actual 1990 earnings reasonably represented his pre-injury earning capacity. The ALJ's application of 33 U.S.C. § 910(a) to calculate Myers's "average weekly wage" was not contrary to law. Because we conclude that the ALJ correctly calculated Myers's pre-injury earning capacity and the subsequent decrease in his earning capacity after the accident, we also affirm the ALJ's determination that Myers suffered a permanent partial disability.
 
 
 5
 We affirm the ALJ's award of attorneys' fees and costs to Myers. We also grant Myers's request for attorneys' fees and costs for litigating this appeal, and refer this matter to the Appellate Commissioner for determination of the proper amount.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3